# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Scotty E. Boothe,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0343** (Fayette County 17-C-2-H)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scotty E. Boothe, by counsel William C. Forbes and W. Jesse Forbes, appeals the April 4, 2017, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[2] by counsel Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order. By amended scheduling order entered August 9, 2017, this Court directed the parties to file supplemental briefs. Petitioner filed a supplemental brief on September 14, 2017. Respondent filed a supplemental brief on November 27, 2017. Petitioner filed a reply on December 19, 2017.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Petitioner was acting pro se in this case until July 25, 2017, when his attorneys filed a notice of appearance and a motion for an amended scheduling order.

[2]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

In *Boothe v. Ballard*, No. 13-0740, 2014 WL 2782127, at *1 (W.Va. June 19, 2014) (memorandum decision), this Court set forth the underlying facts of this case:

. . . [P]etitioner was convicted of sexually assaulting and sexually abusing a six-year-old boy . . . in 2007. Petitioner's crimes were discovered in May of 2008 when [the victim]'s foster father saw [the victim] on top of and behind his younger brother, making a humping motion. In response to his foster father's questioning about the incident, [the victim] said that petitioner (1) had touched his penis, (2) had made [the victim] touch petitioner's penis, and (3) had put a knife in [the victim]'s "butt."

Thereafter, [the victim] gave a statement to police in which he said petitioner picked him up out of a chair in his grandmother's living room; carried him to the attic of a "clubhouse" located "over the hill" from the house; removed [the victim]'s pants and underwear along with his own pants and underwear; touched [the victim]'s penis and made [the victim] touch petitioner's penis; placed a knife in [the victim]'s rectum; and said he would injure [the victim]'s parents or go to jail if [the victim] told anyone about what petitioner had done. [The victim] also told the police that "white stuff" came out of petitioner's penis when [the victim] touched it; and that he knew petitioner because petitioner was [the victim]'s grandmother's friend. In addition to this first statement, [the victim] gave two subsequent statements to the police during which he added that petitioner had "humped" [the victim]'s rectum with his "wiener."

During the investigation, a law enforcement officer presented [the victim] with a photographic array that included petitioner's picture. [The victim] pointed out petitioner as his assailant. The investigating officer also surveyed the crime scene, but found no physical evidence. [The victim] was unable to provide a specific date for the crime. However, based upon the evidence, the investigating officer determined that the crime[s] occurred between January and September of 2007.

On September 9, 2008, petitioner was indicted on four counts: one count of first-degree sexual assault for allegedly penetrating the victim's rectum with a knife; a second count of first-degree sexual assault for allegedly penetrating the victim's rectum with his penis; one count of first-degree sexual abuse for touching the victim's penis; and a second count of first-degree sexual abuse for placing the victim's hand on his own penis. Following petitioner's indictment, his trial attorneys negotiated a plea agreement where he would plead guilty, by information, to one count of third-degree sexual abuse pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987),[3] with a resulting sentence of one to five years of incarceration, in exchange for the

---

[3]In syllabus point one of *Kennedy*, this Court held that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require (continued . . .)

dismissal of the indictment. Petitioner claims he rejected the plea agreement because he was innocent of the crimes charged.

Following a two-day trial in October of 2009, the jury acquitted petitioner of the first count of first-degree sexual assault which alleged that he penetrated the victim's rectum with a knife. However, the jury found petitioner guilty of the other count of first-degree sexual assault and of the two counts of first-degree sexual abuse. By order entered December 9, 2009, the circuit court sentenced petitioner to twenty-five to one hundred years of incarceration for the one count of sexual assault and to five to twenty-five years of incarceration for each of the two counts of sexual abuse. The circuit court ordered that petitioner serve his sentences consecutively for an aggregate term of thirty-five to 150 years of incarceration. Petitioner sought review of his convictions, but this Court refused his appeal by order entered October 13, 2010.

On October 11, 2011, petitioner filed a petition for writ of habeas corpus. The circuit court held an omnibus hearing on the petition on February 12, 2013. At the beginning of that hearing, the circuit court requested that petitioner confer with his habeas attorney and submit a *Losh* checklist of which grounds for relief that he was raising or waiving.[4] Thereafter, petitioner's habeas attorney presented the testimony of petitioner, his local counsel in the underlying criminal case,[5] and several other witnesses. Among the other persons testifying were pediatrician Joan Phillips and DNA expert Julie Heinig. Dr. Phillips testified that, during her physical examination of the victim, she found no evidence of sexual abuse. However, Dr. Phillips also opined that evidence of rectal penetration is discovered in only about five percent of cases. Ms. Heinig testified that, in her expert opinion, a search of the crime scene might have yielded DNA or other evidence despite the passage of time and "environmental insults." Social worker Sandra Culp, who found no "red flags" indicating sexual abuse during a July 29, 2008, interview with the victim, was also scheduled to testify at the omnibus hearing, but could not do so because of a family emergency. The circuit court allowed petitioner's habeas attorney to depose Ms. Culp and file a transcript of her February 15, 2013, deposition as a part of the record.

By order entered June 19, 2013, the circuit court denied the habeas petition, finding that petitioner improperly attempted to retry his criminal case at the omnibus hearing. The circuit court explained that "[a] habeas corpus proceeding is designed to address constitutional issues and is not designed to provide a [p]etitioner an opportunity, with the benefit of 20/20 hindsight, to second guess trial counsel and to retry, as a bench trial, the underlying criminal case." The circuit court

---

a guilty plea and the record supports the conclusion that a jury could convict him." *Id.* at 10, 357 S.E.2d at 43.

[4]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

[5]At trial, petitioner was represented by a West Virginia attorney and a California attorney who was admitted *pro hac vice*.

rejected petitioner's claims that his trial attorneys provided ineffective assistance on both the deficiency and the "prejudice" prongs of the applicable *Strickland/Miller* standard:[6]

> Having determined that trial counsel's representation was not ineffective, this [c]ourt cannot grant a writ of habeas corpus merely because trial counsel, might have, should have, or could have done some things differently at trial, absent any credible evidence that [petitioner] would have receive more favorable jury verdicts. Additionally, the State, at trial, presented substantial evidence upon which an impartial jury could justifiably find [petitioner] guilty beyond a reasonable doubt.

Following this Court's affirmation of the circuit court's June 19, 2013, denial of habeas relief in *Boothe*, petitioner filed a second habeas petition on January 5, 2017. In this petition, petitioner alleged that his habeas attorney failed to raise the following instances where his trial attorneys were ineffective by: (1) misadvising petitioner as to whether he should testify at trial; (2) failing to object to allegedly improper comments by the assistant prosecutor during closing arguments; and (3) failing to offer a proper jury instruction that the jury should view the victim's testimony with caution. Petitioner argued that the jury should have been given an instruction based on syllabus point two of *State v. McPherson*, 179 W.Va. 612, 371 S.E.2d 333 (1988), in which this Court held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is ordinarily a question for the jury." (quoting Syl. Pt. 5, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981)). By order entered April 4, 2017, the circuit court denied habeas relief without a hearing or appointment of counsel, and adopted and incorporated its findings from its June 19, 2013, order.

Petitioner now appeals the circuit court's April 4, 2017, order denying habeas relief. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point three of *Anstey*, we held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is

---

[6]*See infra*.

4

entitled to no relief. Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004)."

237 W.Va. at 412, 787 S.E.2d at 866.

On appeal, petitioner argues that the circuit court made findings insufficient to support its denial of the instant petition without a hearing or appointment of counsel because ineffective assistance of habeas counsel is an issue that the doctrine of res judicata does not bar in a successive proceeding. Respondent counters that the circuit court's findings were sufficient to deny the petition given petitioner's focus on alleged mistakes by his trial attorneys that habeas counsel failed to raise in the prior proceeding. We agree with respondent.[7]

In syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

Petitioner argues that the circuit court's denial of habeas relief violates syllabus point four of *Losh* because the court made certain statements in its April 4, 2017, order, indicating that the denial of petitioner's first petition may have precluded him from raising his claims even though he did so under the rubric of ineffective assistance of habeas counsel. However, we find that the circuit court made sufficient findings to deny the instant petition based on a determination that petitioner failed to show that there was ineffective assistance of counsel. Therefore, we conclude that the circuit court rejected petitioner's claims on their merits and did not rely on the doctrine of res judicata.

In syllabus point five of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a

---

[7]We further agree with respondent's position that petitioner raises issues on appeal that were not set forth in the instant habeas petition. "This Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W.Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)). Therefore, we decline to address any issue not raised in the instant petition.

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.[8]

Here, the circuit court found that petitioner's trial attorneys were not ineffective, but, even if there were alleged deficiencies in trial counsel's performance, no credible evidence existed that, but for those errors, petitioner "would have receive more favorable jury verdicts." As explained by the circuit court, though the jury found petitioner not guilty of one count of first-degree sexual assault, "[h]uman nature understandably causes convicted criminal defendants to see a fair and impartial jury trial [only] as one in which they have been fully acquitted." We concur with the circuit court's finding that the jury's acquittal on that one count "is a clear indication that the jurors carefully considered, weighed, and studied all of the evidence and testimony of the victim when deliberating upon and reaching their unanimous verdicts."

Based on our review of the record, we further concur with the circuit court's finding that "the State, at trial, presented substantial evidence upon which an impartial jury could justifiably find [petitioner] guilty beyond a reasonable doubt" on the other counts of the indictment. We note that, although petitioner relies on syllabus point two of *McPherson*, we held, in pertinent part, that the victim's credibility "is ordinarily a question for the jury." 179 W.Va. at 613, 371 S.E.2d at 334; *see also* Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995) (holding that "[c]redibility determinations are for a jury and not an appellate court"). Therefore, because no credible evidence exists that any alleged deficiency by trial counsel would have changed the result of the underlying criminal case, we find that petitioner's habeas attorney was not ineffective in failing to raise those errors alleged in the instant petition. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the habeas petition.

For the foregoing reasons, we affirm the circuit court's April 4, 2017, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 22, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[8]The second prong of the *Strickland/Miller* standard is often referred to as the "prejudice" prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).